UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| S.M.S., <br><br> Plaintiff, <br><br> v. <br><br> ALEJANDRO MAYORKAS, Secretary of the United States Department of Homeland Security; UR MENDOZA JADDOU, Director of the United States Citizenship and Immigration Services; TED H. KIM, Associate Director Refugee, Asylum, and International Operations; and DANIELLE LEYMAN, Director of the San Francisco Asylum Office, <br><br> Defendants. | Case No. C24-996-RSM <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER |

This matter comes before the Court on Plaintiff S.M.S.'s Motion for Protective Order, Dkt. #2. Pursuant to Federal Rule of Civil Procedure 5.2(e), Plaintiff requests that she be referred to by the pseudonym "S.M.S." in all filings and public proceedings. *Id*. at 1. Plaintiff is seeking asylum in the United States due to persecution by the government and private individuals in Ethiopia. *Id*. Plaintiff does not seek to remain anonymous from Defendants, intends to share her identity with Defendants and opposing counsel but requests no public disclosure of her identity

because it would "disclose highly sensitive private information or expose her[] to retaliation or further harm[.]." *Id*. at 1-2. Defendants have not filed a Response or other opposition.

Though the usual presumption is that parties will use their real names in a case, the Ninth Circuit allows a party to use a pseudonym "in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981). These "unusual cases" involve "when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in the knowing the party's identity." *Id*. at 1068.

Generally, the Ninth Circuit has allowed a party to proceed anonymously in three types of cases: "'1) when identification creates a risk of retaliatory physical or mental harm[;]' (2) where it is necessary 'to preserve privacy in a matter of sensitive and highly personal nature[;]' and 3) where the party is 'compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution.'" *Doe v. United States Citizenship and Immigration Cervices, et al., Defendants*, 2021 WL 1907562, at *2 (E.D. Cal. May 12, 2021) (quoting *Advance Textile Corp.* at 1068). While there are several factors for district courts to consider, the Ninth Circuit recently held that these factors must be applied when the opposing party has objected to a party proceeding anonymously. *See Doe v. Kamehameha Schools*, 596 F.3d 1036, 1042 (9th Cir. 2010); *see also Doe v. United States Citizenship and Immigration Cervices* at *2. "'[W]here the plaintiffs have demonstrated a need for anonymity, the district court should use its powers to manage pretrial proceedings [Rule 16(b)], and to issue protective orders limiting disclosure of the party's name [Rule 26(c)], to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case.'" *Doe v.*

ORDER GRANTING PLAINTIFF'S
MOTION FOR PROTECTIVE ORDER - 2

*United States Citizenship and Immigration Cervices* at *2 (quoting *Advanced Textile Corp.* at 1069).

Plaintiff has requested to proceed under the pseudonym "S.M.S." to protect herself from further persecution or backlash from the government or others in Ethiopia. *See gen*. Dkt. #2. Plaintiff states that she suffers from Post Traumatic Stress Disorder due to actions taken against her in Ethiopia and fears for herself, her husband, and her children if they return to Ethiopia. See Dkt. #1-2. "[R]etaliation from a foreign government is recognized by the Ninth Circuit and other district courts as a sufficient basis to proceed anonymously." *Poozesh v. Pompeo*, 2019 WL 6052363, at *2 (E.D. Cal. Nov. 15, 2019). Also, "Courts have granted motions to file pseudonymously as related to asylum proceedings." Doe v. United States Citizenship and Immigration Services at *4 (citing *Al Otro Lado, Inc. v. Nielson*, 2017 WL 6541446, at *8 (S.D. Cal. Dec. 20, 2017) and *Doe v. Risch*, 398 F. Supp. 3d 647 n.1 (N.D. Cal. 2019)). Plaintiff also agrees to reveal her identity to Defendants and opposing counsel, thus the Court finds no prejudice to Defendants. Furthermore, Defendants have filed no opposition to Plaintiff's Motion, which the Court may consider as an admission that Plaintiff's Motion has merit. *See* LCR 7(b)(2). Given all of the above, the Court finds that Plaintiff's need for anonymity outweighs Defendants' potential prejudice or other considerations.

Accordingly, having reviewed the instant Motion, Plaintiff's Complaint, and the attachments thereto, the Court finds and ORDERS that Plaintiff's Motion for Protective Order to proceed under the pseudonym "S.M.S.", Dkt. #2, is GRANTED.

DATED this 23rd day of July, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE